UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDER MATTHEWS d/b/a WASHINGTON DC PERMIT EXPEDITORS, <br><br> Plaintiff, <br><br> v. <br><br> 1101 K ST RESTAURANT LLC, *et al.*, <br><br> Defendants. | Case No. 22-cv-3440 (JMC) |

## MEMORANDUM OPINION

Plaintiff Alexander Matthews, proceeding pro se, sues the operators of two now-defunct restaurants—1101 K St Restaurant LLC and 2401 Restaurant Corporation (together, "Defendant Restaurants")—for copyright infringement. ECF 1-2.[1] Defendant Restaurants moved for summary judgment, ECF 19, and Matthews failed to respond, ECF 21. Because Defendant Restaurants have demonstrated that they are entitled to summary judgment, the Court will **GRANT** their motion.

### I.  BACKGROUND

Because Matthews has filed no opposition to Defendant Restaurants' motion for summary judgment and submitted no evidence, the following facts are undisputed for purposes of summary judgment. *See* Fed. R. Civ. P. 56(e)(2); *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 154 (D.C. Cir. 1996) ("[T]he district court is to deem as admitted the moving party's facts that are uncontroverted by the nonmoving party[].") (citing the predecessor to Loc. Civ. R. 7(h)).

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

In July 2021, RW Restaurant Group, LLC (RWRG) formed a contract with Matthews to help RWRG obtain permits for outdoor seating areas at two restaurants: Marcel's, operated by Defendant 2401 Restaurant Corporation, and Brasserie Beck, operated by Defendant 1101 K St Restaurant LLC. ECF 19-1 ¶ 1. In September 2022—after "extensive delays" due to Matthews's "failure to timely complete the permitting process"—RWRG abandoned its plans to open outdoor seating at the two restaurants. *Id.* ¶ 2. Neither restaurant ever opened outdoor seating or used the plans Matthews had worked on, and neither has any intention to do so in the future. *Id.* ¶¶ 5, 6. In fact, both restaurants are now closed: Brasserie Beck went out of business in March 2024, and Marcel's went out of business in May 2024. *Id.* ¶ 4.

In late September 2022, Matthews filed this action in the Superior Court of the District of Columbia. ECF 1-2. He brought claims for breach of contract and unjust enrichment against RWRG and four of its employees (Robert Wiedmaier, Joe Lively, Brian McBride, and Thomas Burke). *Id.* ¶¶ 10–18. He further alleged that RWRG, its four employees, and Defendant Restaurants committed copyright infringement because they "intend[ed] to utilize" his "unique and original copyrighted drawings" to "continue the permit process." *Id.* ¶¶ 19–24. Defendant Restaurants removed the case to this Court in November 2022, ECF 1, and filed an answer, ECF 7. Matthews failed to properly serve RWRG, Wiedmaier, Lively, McBride, and Burke, and the Court therefore dismissed them from the case. Mar. 12, 2024 Minute Order. The only remaining Defendants are Defendant Restaurants.

After Matthews failed to respond to multiple court orders, the Court dismissed the case for failure to prosecute. *See* May 2, 2024 Minute Order; May 14, 2024 Minute Order (dismissing case for failure to prosecute). Matthews subsequently filed a motion to reopen the case, which the Court granted. ECF 16; May 15, 2024 Minute Order (reopening case). The case proceeded to discovery.

*See* May 15, 2024 Minute Order; ECF 14. Matthews did not conduct any discovery during the discovery period. *See* Aug. 27, 2024 Minute Order.

Defendant Restaurants filed a motion for summary judgment on September 30, 2024. ECF 19. The Court issued a *Neal* order advising Matthews that he must respond to Defendant Restaurants' motion by November 1, 2024, and that if he failed to do so, the Court may treat Defendant Restaurants' factual arguments as conceded. ECF 20. Matthews did not file a response. On November 12, 2024, Defendant Restaurants filed a notice advising the Court that Matthews had failed to respond to its motion. ECF 21. Again, Matthews filed no response.

## II.   LEGAL STANDARD

The Court will grant a motion for summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In evaluating a motion for summary judgment, "[t]he evidence is to be viewed in the light most favorable to the nonmoving party and the court must draw all reasonable inferences" in that party's favor. *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011).

Even where the nonmoving party fails to oppose a motion for summary judgment, the burden remains on the moving party to demonstrate that summary judgment is warranted. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016). The Court "must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Id.* (quoting *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring)).

### III. ANALYSIS

Matthews asserts only one claim against Defendant Restaurants: copyright infringement, in violation of the Architectural Works Copyright Protection Act (AWCPA) of 1990. ECF 1-2 ¶¶ 19–24. The AWCPA, which is "codified in scattered sections of 17 U.S.C.," established "a new category of copyrightable subject matter for 'architectural works.'" *T-Peg, Inc. v. Vermont Timber Works, Inc.*, 459 F.3d 97, 101 (1st Cir. 2006) (quoting 17 U.S.C. § 102(a)(8)). Matthews alleges that he supplied Defendant Restaurants with "unique and original copyrighted drawings for their projects," that Defendant Restaurants "failed to pay [him] for substantial amounts of his copyrighted work," and "that they intend to utilize [his] copyrighted material to continue their permit process, which is in violation of federal law and [his] rights." *Id.* ¶¶ 23–24.

To prevail on his copyright infringement claim, Matthews must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). There is scant, if any, evidence in the record that Matthews owns a copyright on his drawings. *See* ECF 19 at 4. The only such evidence (as opposed to mere allegations) that could suggest Matthews may have created copyrightable architectural works is a statement in Robert Wiedmaier's declaration that, had Defendant Restaurants wanted to move forward with their outdoor seating areas, they "would likely have had to obtain new designs and plans to do so." ECF 19-2 at 2. Wiedmaier also refers to "the plans that Matthews worked on." *Id.* Drawing all inferences in favor of Matthews, the nonmoving party, those statements suggest that Matthews created or contributed, in some form, to some set of "designs and plans" for the outdoor seating areas. Under the AWCPA, copyrightable architectural works include "building[s], architectural plans, or drawings." *T-Peg, Inc.*, 459 F.3d at 109 (quoting 17 U.S.C. § 101). Still, the ACWPA imposes two other requirements for the

copyrightability of architectural works, *see id.*, and there is no evidence in the record that any designs or plans of Matthews satisfied those. Further, Matthews does not allege that his designs or plans qualified as "pictorial, graphical, or sculptural work[s]" under 17 U.S.C. § 102(a)(5). And even if he did, the record does not contain evidence as to the copyrightability requirements for such works. *See T-Peg, Inc.*, 459 F.3d at 109 (discussing those requirements).

And even if there were evidence that Matthews owns a copyright on his drawings, there is no evidence that Defendant Restaurants "actually copied" those drawings, as required for a copyright infringement claim. *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1295 (D.C. Cir. 2002). To the contrary, Defendant Restaurants have submitted a sworn declaration stating that "[n]either of the Restaurants ever opened an outdoor seating area or in any way utilized the plans that Matthews worked on." ECF 19-2 ¶ 7. Defendant Restaurants have therefore demonstrated that they are entitled to judgment as a matter of law on Matthews's copyright infringement claim.

\* \* \*

For the foregoing reasons, Defendant Restaurants' motion for summary judgment, ECF 19, is **GRANTED** and the case is **DISMISSED.** A separate order accompanies this memorandum opinion.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: November 22, 2024